Case 4:16-cv-02685   Document 1-5   Filed in TXSD on 09/02/16   Page 1 of 6

7/28/2016 5:08:00 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11888761
By: Charlie Tezeno
Filed: 7/28/2016 5:08:00 PM

2016-50145 / Court: 281

NO. _____

| | | |
|---|---|---|
| ROGER WILIAMS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NEW YORK LIFE INSURANCE | § | |
| COMPANY | § | \_\_\_\_\_ JUDICIAL DISTRICT |

<u>**PLAINTIFF'S ORIGINAL PETITION AND**</u>
<u>**REQUEST FOR DISCLOSURE**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROGER WILLIAMS, Plaintiff, and files this Original Petition, complaining of the Defendant, NEW YORK LIFE INSURANCE COMPANY (hereinafter "NEW YORK LIFE") and for cause of action would respectfully show the following:

**I.**
**Discovery**

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure. Plaintiff alleges that this case should be conducted under Level 3 of the Discovery control Plan.

**II.**
**Parties**

Plaintiff, ROGER WILLIAMS is and at all times relevant to this lawsuit a resident of Harris County, Texas.

Defendant, NEW YORK LIFE INSURANCE COMPANY, is a foreign insurance company doing business in Texas. Defendant maybe served with citation and suit papers by serving same on its Attorney for Service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.



1

## III.
## Jurisdiction and Venue

At all times relevant to this suit, Defendant was a foreign insurance company doing business for monetary profit in Texas. This case is not removable pursuant to 28 U.S.C. § 1441(b). The Federal Courts lack federal question subject matter jurisdiction over this action, as no claim or defense in this matter is based upon or arises under a federal statute or law.

Venue in this case is proper in Harris County, Texas, pursuant to §15.032 of the Texas Civil Practice & Remedies Code because the loss occurred in Harris County and the insured resided in Harris County.

## IV.
## Facts

Defendant NEW YORK LIFE INSURANCE COMPANY ("New York Life") issued a Life Insurance Policy to Venita Faye Williams with $100,000 in death benefits. Venita Faye Williams named her son, ROGER WILLIAMS, as the sole beneficiary under the policy.

On or about April 11, 2015, Venita Faye Williams passed away. Following Venita Faye Williams' death, Plaintiff submitted his claim for death benefits to Defendant, NEW YORK LIFE. Mr. Williams promptly provided NEW YORK LIFE with all of the requested material to enable Defendant to investigate and fully pay his claim. However, NEW YORK LIFE denied Plaintiff's claim on the grounds that there was not a valid policy in place. Plaintiff disagrees with NEW YORK LIFE's decision and Plaintiff now brings suit against Defendant for this wrongful denial of his Life Insurance claim.

## V.
## Causes of Action Against Defendant

A. -- Violations of the Texas Insurance Code

Based on the above conduct, Defendant's violations of the Texas Insurance Code include, but are not necessarily limited to:

(1) knowingly misrepresenting to the Plaintiff, Roger Williams pertinent facts or policy provisions relating to coverage at issue;

(2) failing to effect a prompt, fair, and equitable settlement of the claim in which liability has become reasonably clear;

(3) constructively denying the claim without first conducting a reasonable investigation of the claim;

(4) failing within a reasonable time to affirm or deny coverage;

(5) failing within a reasonable time to pay the policy benefits; and

(6) making a material misstatement of fact.

As a result of Defendant's violation of the Texas Insurance Code, Plaintiff has suffered damages.

B. – Breach of the Duty of Good Faith and Fair Dealing

In addition or in the alternative, Plaintiff would show that the Defendant had a duty to deal fairly and in good faith with him in the handling of his insurance claim. Defendant breached this duty by both refusing to properly investigate the claim and wrongfully refusing to pay the full value of the claim. Defendant knew or should have known that there was no reasonable basis for failing pay the full value of Plaintiff's life insurance claim. As a result of Defendant's breach of these legal duties, Plaintiff has suffered damages.

C.— Violations of the Texas Deceptive Trade Practices Act

In addition or in the alternative, Plaintiff would show that Defendant's acts and omissions as discussed above were violations of the Texas Deceptive Trade Practice Act (DTPA).

Tex. Bus. & Com. Code §§ 17.42, 17.46, 17.50(a) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's above-described violations of the Texas Insurance Code and other unconscionable acts are violations of the DTPA.

D. –Breach of Contract

In addition or in the alternative, Plaintiff would show that at the time of Venita Faye Williams' death there was a valid contract in existence (i.e., the Life Insurance Policy) and that Venita Faye Williams and Plaintiff complied with all applicable terms of the subject contract. Defendant, New York Life breached the contract by refusing to pay the full amount of benefits due under the Policy following Venita Faye Williams' death. As a result of Defendant's breach of contract, Plaintiff has suffered damages.

## VI.
## Damages

Plaintiff is entitled to the actual damages resulting from the above-described acts and omissions of the Defendant including but not limited to the full amount of policy proceeds which were due under the terms of the subject policy of insurance.

In addition, Plaintiff is entitled to damages pursuant to Texas Insurance Code §542.060.

Furthermore, Defendant's knowing and intentional violations of Texas Insurance Code §§ 541 and 542 and Tex. Bus. & Com Code §17.50, its unconscionable acts, as well as the breach of its common law duty of good faith and fair dealing entitles Plaintiff to damages for mental anguish and statutory damages as permitted by the Texas Insurance Code and the Tex. Bus. & Com. Code.

Pursuant to Tex. R. Civ. P. 47c, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00.

## VII.
## Attorney's Fees

Plaintiff is entitled to recover reasonable and necessary attorney fees under Tex. Civ. Prac. & Rem. Code 38.001(8), Tex. Bus. & Com Code §17.50 (d), Tex. Ins. Code § 541.152(a)(1), and Tex. Ins. Code § 542.060.

## VIII.
## Interest

Plaintiff further brings suit for pre-judgment interest as allowed by law.

## IX.
## Conditions Precedent

All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## X.
## Rule 193.7 Disclosure

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XI.
## Request for Jury Trial

Plaintiff requests a trial by jury and the required jury fee has been paid.

## XII.
## Request For Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein and that upon final trial hereof, Plaintiff have judgment against the Defendant, for his damages, as well as costs of court, pre-judgment interest, attorneys' fees, interest on the judgment, and for such other and further relief, both general and special, legal and equitable, as he may show himself justly entitled.

Respectfully submitted,

THE CALLAHAN LAW FIRM

_____

MICHAEL CALLAHAN
State Bar No.: 00790416
CASEY BROWN
State Bar No.: 24031768
440 Louisiana, Suite 2050
Houston, Texas 77002
Telephone: (713) 224-9000
Facsimile: (713) 224-9001
Email: efiling@thecallahanlawfirm.com

ATTORNEYS FOR PLAINTIFF